IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

EVON N. HUGHES                                                    PLAINTIFF

VS.                              4:20-CV-1160-JM

DAVID LEE RUSSELL, ERIC EVANS,
and SHARON MARIE PROPERTIES, LLC                       DEFENDANTS

## ORDER

Pending is Defendants Eric Evans and Sharon Marie Properties, LLC's Motion to
Dismiss. (Doc. No. 9).  Plaintiff has responded and Defendants have replied.[1]  For the reasons
stated below, Defendants' motion is DENIED.

I.      BACKGROUND

On September 30, 2020, Plaintiff filed her Complaint against Defendants David Russell
("Russell"), Eric Evans ("Evans"), and Sharon Marie Properties, LLC ("SMP") for violating the
federal Fair Housing Act ("FHA") and the Arkansas Fair Housing Act ("AFHA").[2]  Plaintiff
alleges that Russell discriminated against her and her house guests based on her sex and race.
Plaintiff further alleges that Evans and SMP knew about Russell's discriminatory behavior and
failed to use their power as landlord/owner of the property to evict Russell and end his
discriminatory actions.[3]

---

[1]Doc. Nos. 13, 18.

[2]42 U.S.C. §§ 3601, *et seq*.; Ark. Code Ann. §§ 16-123-201, *et seq*.

[3]Doc. No. 2, pp. 13-15.

Evans is an individual who owns SMP, an Arkansas limited liability company, and is the landlord at the apartment complex located 10002 Shannon Drive, Jacksonville, Arkansas.[4] SMP owns the Shannon Drive property. On September 1, 2019, SMP rented apartment 5A to Plaintiff an African American female.[5] In December 2019 or January 2020, SMP rented a unit located across the street from Plaintiff to Russell an African American male.[6]

Plaintiff alleges that she met Russell a few years ago and they became friends. She helped Russell find housing at the apartment complex where she lived.[7] After Russell moved in near Plaintiff, he began to harass her. This harassment included unwelcome touching, sexually explicit comments, racial slurs directed at Plaintiff and her friends, and threats of death and physical harm.[8] The harassment culminated when Russell attacked Plaintiff with acid.[9] Plaintiff contends that, even after the acid attack, neither Evans nor SMP attempted to evict Russell. However, she was evicted for failure to timely pay rent.

Evans and SMP seek dismissal of discrimination claims because: (1) the Eighth Circuit does not recognize the extension of liability to landlords or owners in post-acquisition harassment claims under the FHA when committed by an independent third party; (2) Plaintiff failed to sufficiently allege the required discriminatory animus or a pattern of discrimination

---

[4] *Id.* at 2.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 3-9.

[9] *Id.* at 8.

necessary to bring a claim under the FHA; and (3) if the FHA claims fail, then no federal jurisdiction exists for the state law claims brought under the AFHA.[10]

## II.     APPLICABLE LAW

To survive a motion to dismiss, a complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated.[11]  If a complaint fails to state a claim on which relief can be granted, dismissal is warranted.[12]  When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor.[13]  Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face."[14]  Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action."[15]  Legal conclusions couched as factual allegations may be disregarded.[16]

## III.    DISCUSSION

### A.      Post-Acquisition Harassment Claims

The relevant language from the FHA provides that it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the

---

[10]Doc. No. 9.

[11]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12]Fed. R. Civ. P. 12(b)(6).

[13] *Blankenship v. USA Truck, In*c., 601 F.3d 852, 853 (8th Cir. 2010).

[14]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[15]*Id.* at 555.

[16]See *Iqbal*, 556 U.S. at 679.

provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."[17]  Additionally, the FHA makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed" any right protected by the FHA.[18]

Defendants assert that the FHA does not cover discrimination occurring after a plaintiff buys or rents housing. To the contrary, "post-acquisition" claims that arise from intentional discrimination <u>are</u> cognizable under the FHA. This finding is rooted in the language of the statute, which prohibits discrimination in the "terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith."[19]  Circuit courts that have considered this issue have found this text provides post-acquisition protection under the FHA.[20] The Seventh Circuit, for example, held that the FHA's use of the terms "privileges" and "conditions" refers not just to the sale or rental itself, but to certain benefits or protections flowing from and following the sale or rental.[21] The Ninth Circuit has held, for example, that "[t]he inclusion of the word 'privileges' implicates continuing rights," indicating that the "natural reading" of the statute "encompasses claims regarding services or facilities perceived to be wanting after the owner or tenant has acquired possession of the dwelling."[22]

---

[17]42 U.S.C. § 3604(b).

[18]42 U.S.C. § 3617.

[19]42 U.S.C. § 3604(b).

[20] See *Neudecker v. Boisclair Corp.*, 351 F.3d 361, 365 (8th Cir. 2003); *Francis v. Kings Park Manor, Inc.*, 944 F.3d 370, 379 (2d Cir. 2019), reh'g en banc granted, 949 F.3d 67 (2d Cir. 2020); *Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 861 (7th Cir. 2018), cert. dismissed sub nom. *Glen St. Andrew Living Com. v. Wetzel*, 139 S. Ct. 1249 (2019).

[21]See *Bloch v. Frischholz*, 587 F.3d 771, 779–80 (7th Cir. 2009) (en banc).

[22]*Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 713 (9th Cir.

Similarly, the Eighth Circuit has held that "post-acquisition" disability harassment is actionable under the FHA.[23] In *Neudecker*, the tenant's suit against a property management company alleged that he was subjected to repeated disability-based harassment by fellow tenants, that he reported the harassment to the company "to no avail," and that the harassment interfered with his right to enjoy his home. The Eighth Circuit concluded that such a post-acquisition "disability harassment" claim "is actionable under the FHA."[24] The same rationale for disability discrimination would apply in this case alleging race and sex discrimination.

Accordingly, I find that the FHA provides a cause of action for the "post-acquisition" sex and race discrimination claims in this case.

B.       **Evans and SMP's Liability**

Evans and SMP argue that Plaintiff has not asserted sufficient facts to support a sex or race discrimination claim, because she failed to allege that Evans or SMP acted with the "discriminatory animus" required to support a discrimination case brought under the FHA. However, Plaintiff neither has to allege nor prove that they acted with a discriminatory animus.[25] The FHA "creates liability against a landlord that has actual notice of tenant-on-tenant harassment based on a protected status, yet chooses not to take any reasonable steps within its

---

2009).

[23]*Neudecker*, 351 F.3d at 364−65.

[24]*Id.* (relying on analogous language in the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*).

[25]*Cain v. Rambert*, No. 13-CV-5807 MKB, 2014 WL 2440596, at *6 (E.D.N.Y. May 30, 2014) ("The Eighth Circuit and some district courts have recognized that a landlord's willful failure to intervene in tenant-on-tenant harassment may be a violation of the FHA.").

control to stop that harassment."[26] At this point, the issue is whether Plaintiff sufficiently plead facts to support a sexual or racial discrimination case against Russell that was severe or pervasive enough to create a hostile environment.[27] If so, then Plaintiff need only plead facts that demonstrate Evans or SMP knew or should have known of the hostile environment and failed to use available authority to stop it.[28]

Plaintiff alleges that Russell subjected her to a pattern of sexual and racial discrimination that created a hostile housing environment.[29] Plaintiff further alleges that Evans and SMP were aware of the situation and failed to evict Russell, which they had the authority to do.

At this stage, Plaintiff has alleged sufficient facts to state a cause of action. Whether her allegations make it past summary judgment is another issue.

## CONCLUSION

For the reasons stated above, Defendants Motion to Dismiss (Doc. No. 9) is DENIED. Plaintiff's motion for an order directing the U.S. Marshal to personally serve Defendant David Russell at 111 A. Calli Lane, Hot Springs, AR 71913 (ECF No. 15) is GRANTED.

IT IS SO ORDERED this 3rd day of December, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[26]*Wetzel*, 901 F.3d at 859.

[27]*See* 24 C.F.R. § 100.600(a)(2).

[28]*See* 24 C.F.R. § 100.7(a)(1)(iii).

[29]24 C.F.R. § 100.600(a)(2).