**United States District Court for the Eastern District of Arkansas
Central Division**

**Evon N. Hughes**                                                                               **Plaintiff**

**v.**                              **Case No. 4:20-cv-1160-JM**

**David Lee Russell, Eric Evans,
and Sharon Marie Properties LLC**                                               **Defendants**

**Protective Order**

This Order allows the parties to this action to designate certain documents produced in discovery – for example, documents containing personal information, medical information and medical records – as confidential and subject to an enhanced level of protection from disclosure. This Order strikes an appropriate balance between the parties' interests in prosecuting and defending this case, the judicial interest in the efficiency and integrity of the discovery process, and the public interest in access to information. Therefore, due notice having been given, and the Court being duly advised in the premises, the Court enters the following Order:

1.  When used in this Order, the following words shall have the following meanings:

> "Documents" means (1) all written, recorded or graphic matter whatsoever and information produced on computer disks or tapes, including all written materials, and (2) any copies, reproductions or summaries of the foregoing, including microfilmed, imaged or electronic copies.
>
> "Discovery Materials" means (1) documents or other information produced by any party or third person, whether pursuant to the applicable civil rules, by subpoena or by agreement, other than documents that are publicly available; (2) interrogatory or other discovery responses; and (3) deposition testimony of any party or third person taken in this action, exhibits thereto and/or any videos or transcripts thereof, whether in written or computer format, and all contents of the foregoing.

1

"Producing Party" means any party or third person producing discovery materials, whether pursuant to the applicable civil rules, by subpoena, or by agreement.

"Receiving Party" means any party receiving discovery materials from a producing party, whether pursuant to the applicable civil rules, by subpoena, or by agreement.

"Disclose" (and any variant thereof) means to show, give, make available, reproduce, or communicate any discovery materials, or any part or content thereof.

"Confidential Discovery Materials" means any discovery materials that are designated in good faith as "Confidential" by any party or third person. Confidential Discovery Materials are those materials that constitute or contain personal or confidential information of the parties to the action or third parties, including personnel/employment information and other confidential or proprietary information.

"Attorneys of Record" means attorneys of record for any of the parties to this action, members of the firm of the attorneys of record for the parties, and any in-house attorneys who are employed by the parties.

2. Any Confidential Discovery Materials produced by the producing party and designated as such shall be used solely for the purposes of this litigation and shall not be used by the parties for any other litigation, except by agreement of the parties or subject to a Court Order.

3. Medical records received pursuant to a written HIPAA compliant authorization shall be deemed confidential and subject to this Protective Order and shall not be used for any purpose beyond this litigation.

4. Disclosure of Confidential Discovery Materials other than in accordance with the terms of this Order may subject the disclosing party to such sanctions and remedies as the Court may deem appropriate.

5. Subject to the terms, conditions, and restrictions of this Order, Confidential Discovery Materials marked "Confidential" may be disclosed only to the following persons

and only to the extent such persons have a legitimate need to know the particular Confidential Discovery Materials disclosed to them:

- Persons employed by the Court and the jury empaneled in connection with the handling of this action;

- Attorneys of Record;

- Employees of the Attorneys of Record working under the direct supervision of such Attorneys of Record;

- The parties, including current employees, officers, partners or directors;

- Outside experts or consultants provided that prior to any disclosure the Attorney of Record who retains the outside expert or consultant obtains such expert's or consultant's agreement to the non-disclosure agreement described in paragraph 6 below;

- Certified shorthand reporters and videotape operators for the purposes of recording the testimony of deposition witnesses and preparing a written or videotaped record of testimony;

- Any other person who is designated by written stipulation of the parties to have access to Confidential Discovery Materials, or by order of the Court after notice to all parties upon a showing of good cause why such person shall be so designated and opposing parties have had an opportunity to be heard in opposition thereto.

6. Any party desiring to designate particular Discovery Materials as Confidential Discovery Materials must place upon such materials in a conspicuous manner so as to not obliterate, cover, or interfere with the reading of such material a marking which reads: "CONFIDENTIAL."

7. Discovery Materials disclosed at a deposition may be designated by a party as Confidential Discovery Materials by indicating on the record at the deposition that the specific part of the testimony and/or any exhibits marked for identification is confidential and is subject to the provisions of the Order. In such situations, the questions and answers designated as confidential may be transcribed separately from the remainder of the deposition. Counsel for any party may exclude from the room during any portion of a

deposition any person not entitled under this Order to receive Confidential Discovery Materials while such materials are being disclosed and/or discussed. A party may also designate discovery materials disclosed at such depositions as confidential by notifying all parties in writing, within fifteen (15) days of receipt of the transcript by the attorneys of record for the designating party, of the specific pages and lines of the transcript which contain Confidential Discovery Materials. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his or her possession, custody or control. During such fifteen (15) day period, all Discovery Materials shall be treated as Confidential Discovery Materials.

8. By making any such Confidential Discovery Materials available during the course of this litigation, the producing party does not waive any confidential protection that might otherwise be afforded over those materials. Furthermore, by designating any Discovery Materials "Confidential," the parties do not acknowledge that any such Discovery Materials are relevant or discoverable in this action. This Order shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any material in this action.

9. Inadvertent failure to designate Discovery Materials as confidential at the time of production may be remedied by supplemental written notice. If such notice is given, the identified materials shall thereafter be fully subject to this Order as if they had initially been designated as Confidential Discovery Materials, provided that there shall be no sanction for any use or disclosure of such material prior to designation. The inadvertent disclosure by the producing party of Confidential Discovery Materials, regardless of whether such materials were so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as

to the specific discovery materials disclosed or as to any other Discovery Materials relating thereto or on the same or related subject matter.

10. If a receiving party desires to disclose any part of any Confidential Discovery Materials in any manner not in accordance with the terms of this Order, the party seeking to make such disclosure shall obtain the written agreement of the producing party to so proceed or, in the absence of such agreement, shall seek the approval of the Court by way of a motion filed with the Court.

11. This Order is without prejudice to any party's right to assert the attorney-client, work product, or other privileges or doctrines, or to any party's right to contest the designation of Confidential Discovery Materials. A party shall not be obligated to challenge the designation of any particular Discovery Materials as being confidential at the time such designation is made and failure to do so shall not preclude a subsequent challenge thereto. If any party to this litigation disagrees at any point in these proceedings with the designation by the producing party of Discovery Materials as being confidential, the parties shall first try to dispose of such dispute in good faith on an informal basis by conferring directly with counsel for the producing party. The challenging party must explain the basis for its belief that the designation was not proper and must give the producing party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the designation. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the court. Any objections to such a designation, when made, shall be in writing and shall specify the nature of any objection. Any designated Confidential Discovery Materials shall remain as such under the terms of this Order until the Court makes a determination otherwise.

12. Nothing in this Order restricts or affects the rights of the producing party to use or disclose any Confidential Discovery Materials produced by such party. Any such use or disclosure of Confidential Discovery Materials by the producing party shall not be deemed a waiver of the terms of this Order. Nothing in this Order, or any proceeding undertaken pursuant hereto, shall be deemed to have the effect of a waiver by any Party of, or otherwise deemed to alter the confidentiality or non-confidentiality of, any information. Nor shall compliance with this Order operate as an admission as to the admissibility of any information.

13. All Discovery Materials provided by non-parties may be made, by separate written agreement, specifically subject to the terms of this Order. Such non-parties and/or the parties may designate Discovery Materials as confidential in accordance with this Order. Any designation by such non-parties and/or the parties shall have the same force and effect as if made pursuant to the terms of this Order. The above-provisions relating to a challenge on the assertion of confidential status shall apply to Discovery Materials designated confidential by non-parties.

14. Any confidential material disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be filed on the public docket, with the unredacted version delivered in hard copy to the Clerk's Office for filing underseal. The redacted version of a confidential filing may include, when necessary, slip sheets appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing.

15. Confidential Discovery Material may be introduced by any party at the time of trial or at any court hearing, provided that at the time that such material is introduced, the Court shall issue such Order as it deems appropriate for maintaining the confidentiality of such material.

16. If a receiving party learns that, by inadvertence or otherwise, it has disclosed any Confidential Discovery Materials to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify the producing party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Discovery Materials, (c) inform the person or persons to whom the unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the non-disclosure agreement.

17. The Parties shall confer in good faith prior to trial in an attempt to devise protective procedures to be applicable at trial that are satisfactory to the Court.

18. At the conclusion of this litigation, including any appeals from any judgment or order entered by the Court and any retrial, at the request of the producing party, the receiving party shall retrieve all Confidential Discovery Materials from testifying experts, consulting experts, and any other person or non-governmental entity to whom the receiving party has disclosed Confidential Discovery Materials, and shall destroy all received Confidential Discovery Materials by such party and shall certify in writing that such destruction has occurred.

19. This Order shall be without prejudice to the right of the parties or any third person to request additional protection under applicable laws for discovery requests

hereafter served by any party or to seek modification of this Order upon a showing of good cause.

20. The terms of this Order shall not be construed as any limitation upon the right of any party to offer into evidence any documents, response, or information designated as confidential.

21. This Order shall be binding upon the parties hereto, counsel for the parties, and upon the parties' and their counsels' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The parties, their counsel and employees of such counsel, and their expert witnesses, consultants and representatives retained in connection with this action each expressly stipulates to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

22. This Court retains jurisdiction over the parties, counsel for the parties, and all persons, firms, corporations or organizations to whom this Order applies for purposes of enforcement of this Order following the conclusion of this action.

Plaintiff's Motion for Protective Order (ECF No. 29) is GRANTED.

IT IS SO ORDERED this 15th day of July 2021.

_____
Judge James M. Moody Jr.
United States District Judge